UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DURRELL M. HARRIS,

    Plaintiff,

    v.                                            Case No. 23-cv-0665-bhl

A. CARLSON,
KEVIN STEVENS,
GARRICK FISHER, and
SGT. SHROEDER, et al.,

    Defendants.

---

## SCREENING ORDER

---

    Plaintiff Durrell M. Harris, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harris' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Harris has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Harris has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $30.20. Harris' motion for leave to proceed without prepaying the filing fee will be granted.

# SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

According to Harris, on August 14, 2021, he was shot multiple times inside a Family Dollar store. He states that Green Bay police officers Kevin Stevens, Garrick Fisher, and Sgt. Shroeder searched him for weapons inside the store, and then Defendants carried him by his arms and legs outside the store. Harris asserts that, even though he had already been searched for weapons, Officer A. Carlson rummaged through his pockets and seized his personal property while medical personnel inserted chest tubes and IVs to save his life. Harris states that at no time did he pose a threat to the safety of officers or the community. He also states that Defendants had no reason to search him or seize his property given that he was only the victim of a crime.

## THE COURT'S ANALYSIS

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable searches and seizures . . . ." With regard to frisks for weapons, the Supreme Court has held that such searches are "a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment." *See U.S. v. Williams*, 731 F.3d 678, 686 (7th Cir. 2013) (citations omitted). Thus, "such action should only be allowed when the officer can point to articulable facts that would establish the separate and specific condition that the detainee has a weapon or poses some danger." *Id.* Harris may proceed on a Fourth Amendment claim against Defendants based on allegations that, despite Harris being the victim of a shooting and despite nothing in his actions suggesting that he posed a danger to officers or the community, Stevens, Fisher, and Shroeder frisked him for weapons and Carlson searched his pockets. Further, Harris may proceed on a Fourth Amendment claim against Carlson based on allegations that, after going through Harris' pockets while medical personnel attempted to treat his gunshot wounds, Carlson confiscated Harris' personal items, including his watch, necklace, cellphone, and money. *See Bell v. City of Chicago*, 835 F.3d 736, 739 (7th Cir. 2016) (explaining that, generally, "seizures of personal property are unreasonable

3

within the meaning of the Fourth Amendment, without more, unless . . . accomplished pursuant to a judicial warrant." (citations omitted)).

The Fourth Amendment also governs Harris' claim that Defendants' response to his medical needs were objectively unreasonable. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). The Seventh Circuit has instructed courts to consider four factors in connection with such claims: "1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical needs; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." *Id.* A plaintiff must also allege that the defendants' actions caused him harm. With this framework in mind, Harris may proceed on a Fourth Amendment claim against Defendants based on allegations that, despite Harris having multiple gunshot wounds, Defendants moved him by his arms and legs without the assistance of medical personnel, causing him significant pain and additional injury. Further development of the record may reveal the officers' interests in moving Harris, but Harris' allegations are sufficient at this stage to state a claim.

Harris does not, however, state a "discrimination claim" against Defendants based on allegations that Carlson described Harris as a "male, black with dreads." Dkt. No. 1 at 4. The Court cannot reasonably infer from this comment alone that Defendants were motivated to act as they did by racial considerations. "While it is true that a complaint brought under a federal civil rights statute should be liberally construed, vague and conclusory allegations of race discrimination may not form the basis of a complaint." *Jones v. City of Chicago*, 639 F. Supp. 146, 151-52 (7th Cir. 1986) (internal citations omitted). As such, Harris' allegation of violations of the Equal Protection Clause of the Fourteenth Amendment fails to state a claim.

**IT IS THEREFORE ORDERED** that Harris' motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Green Bay police officers A. Carlson, Kevin Stevens, Garrick Fisher, and Sgt. Shroeder pursuant to Federal Rule of Civil Procedure 4. Harris is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that A. Carlson, Kevin Stevens, Garrick Fisher, and Sgt. Shroeder shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Harris is located.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the $319.80 balance of the filing fee by collecting monthly payments from Harris' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harris is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harris' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harris may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 18, 2023.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge